UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CRIMINAL ACTION NO. 1:06CR-8-M**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**VS.**

**BARRY FLORA**                                                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

These matters come before the Court on three motions filed by Defendant, Barry Flora. Flora's motions seek a continuance of the trial [DN 15], copies of a seized hard drive and related evidence [DN 17], and a hearing to more fully address his first two motions before the Court [DN 19]. Fully briefed, these matters stand ripe for decision. For the following reasons, Defendant's motion for a continuance of the trial is **GRANTED**, his motion seeking copies of a seized hard drive and related evidence is **DENIED**, and his motion for a hearing is **DENIED**.

### I. BACKGROUND

On February 8, 2006, the Defendant, Barry Flora ("Flora"), was indicted on two counts of receiving visual depictions involving the use of minors engaging in sexually explicit conduct (i.e., child pornography), that had been mailed, shipped, or transported in interstate commerce, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The Indictment also contained a forfeiture allegation pertaining to a computer removed from the Defendant's home.

The evidence supporting the Indictment was provided by the Kentucky Cabinet for Families and Children, which had learned that the Defendant was sexually molesting a ten year old girl. The Bowling Green Police Department ("BGPD") then interviewed the Defendant, and he made several admissions as to his conduct. The BGPD also interviewed the ten year old girl, and she provided further specifics as to the crime. A search of the Defendant's computer revealed receipt of numerous child pornography images, which had been deleted. The computer is in the possession of the Government, and it is the hard drives from that computer which are at the heart of the discovery dispute in this case.

The case against Flora was originally brought in Warren Circuit Court. At some point thereafter, the federal government took the case. Prior to dismissal, however, the Warren Circuit Court entered an Order requiring the production of two exact copies of the hard drives from the Defendant's computer. The United States has not complied with that Order. The United States has, however, made the following offer regarding examination and testing of the evidence:

1. Have the expert who performed the forensic examination in this case bring a copy of the hard drive and a portable forensic machine to Bowling Green;

2. Have the United States' expert meet with defense counsel and any computer expert retained by the defense to demonstrate and explain the examination process; and

3. Allow the defense expert an opportunity to independently examine the hard drive and to allow the Defendant access to the images of child pornography for viewing and examination.

The Defendant does not find this offer to be satisfactory and has filed this motion seeking the evidence in question.

## III. DISCUSSION

In support of his motion, the Defendant argues that the United States is bound by the Warren Circuit Court Order. The Defendant also cites authority for his argument that it would be appropriate for the Government to turn over the hard drives to the Defendant in a case such as this one. The Government contends that the Warren Circuit Court Order is inapplicable because that action has been dismissed and because the United States was not a party to the action. Though the Defendant argues that he is entitled to more seized materials, the Government asserts that he should not even be allowed to keep the ones currently in his possession, as the Defendant received the materials in violation of the policies of Warren County and the Commonwealth of Kentucky. The Government also acknowledges that while some cases support the Defendant's argument as to the hard drives, other case law, including the only circuit court authority, hold that the Government is not required to turn over or allow copying of child pornography to a Defendant preparing for trial, as child pornography is per se contraband.

As an initial matter, the case against Flora is no longer pending in Warren Circuit Court. The United States was not a party to that action. The Court and the parties are not bound by any Orders of the Warren Circuit Court.

Federal Rule of Criminal Procedure 16 outlines the government's disclosures of evidence to the Defendant. Rule 16(a)(1)(E) requires the government to do the following:

> permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's

>  possession, custody, or control and:
>  (i)  the item is material to preparing the defense;
>  (ii)  the government intends to use the item in its case-in-chief at trial; or
>  (iii)  the item was obtained from or belonged to the defendant.

Rule 16(d) further provides that a Court may restrict discovery if a "good cause" is shown. Neither the parties nor the Court has located a Sixth Circuit case in which a defendant sought hard drives containing child pornography which would be applicable to a defense. At least two appellate courts support the Government's argument, including United States v. Kimbrough, 69 F.3d 723, 731 (5th Cir. 1995), cert. denied, 517 U.S. 1157 (1996) in which the court noted that child pornography is illegal contraband; declined to find that Rule 16 provides such contraband can be distributed to, or copied by, the defense; and concluded that the Government's offer to make the materials available for inspection but not to allow them to be copied was reasonable. Similarly, in United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999), the Eighth Circuit upheld the district court's refusal to allow the copying of video tapes containing child pornography, again noting that the tapes were contraband. At least two district court cases also support the Government's position. See United States v. Husband, 246 F. Supp. 2d 467, 469 (E. D. Va. 2003) (finding that the government fulfilled its obligations under Rule 16 by allowing access to the pornographic videotape in a private viewing facility); United States v. Cox, 190 F. Supp. 2d 330, 334 (N.D. N.Y. 2002) (denying defendant's motion for a protective order requiring the government to provide him with copies of the seized pornographic materials).

Authority exists to support the Defendant's argument as well. Both United States v.

Frabizio, 341 F.Supp.2d 47, 50-51 (D. Mass. 2004) and United States v. Hill, 322 F.Supp.2d 1081, 1091-1092 (C.D. Cal. 2004) rejected the government's argument that it did not have to turn over child pornography to the defendants. Frabizio relied upon the court's reasoning in Hill in noting that the appellate decisions in Kimbrough and Horn carried little precedential weight because "the circuit courts did not hold that the district courts were required to reject the defendant's motion. Rather, those courts simply held that the district courts had not abused their discretion in doing so." Id. at 50. Frabizio is also distinguishable from Cox because the defendant in Frabizio provided a factual basis for his assertion that physical possession of the government's evidence was necessary. Id. Hill and Frabizio also relied on the such factors as the depth of the defendants' analysis, the prejudice to the defendant, and the trustworthiness of counsel to conclude that the government should turn over the material. Hill, 322 F.Supp.2d at 1091-92; Frabizio, 341 F.Supp.2d at 51.

Moreover, the defense experts in Hill and Frabizio planned to do sophisticated, time-consuming analysis to prepare their defense. The defense expert in Hill planned to examine over 1,000 images. Hill, 322 F.Supp.2d at 1091. Although only 33 images were at issue in Frabizio, the defense expert in that case also planned to do reconstruction analysis. Frabizio, 341 F.Supp.2d at 51.

Here, the Defendant's stated reason for access is to explore the possibility that an intruder accessed the computer in question. The Defendant has failed to show that the Government's proposal will prevent his expert from determining whether an intruder accessed the computer. The Government has shown good cause and its proposal for access

is reasonable under the circumstances. The Court will, however, reconsider this Order if the Defendant, after procuring expert testimony, can proffer a reason as to why the Government's proposal is unduly restrictive.

The Court finds that a short continuance is appropriate to meet the ends of justice. The Defendant has thirty (30) days from the date of entry of this Order to accomplish the examination of the computer evidence. The Government shall cooperate in this effort. A new trial date will be set by separate order.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for a continuance of the trial [DN 15] is **GRANTED**, his motion seeking copies of a seized hard drive and related evidence [DN 17] is **DENIED**, and his motion for a hearing [DN 19] is **DENIED**.

cc: counsel of record
06cr-008Flora