

FILED
JEFFREY A. APPERSON, CLERK
JUN - 6 2006
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                   PLAINTIFF

v.                                           CRIMINAL ACTION NO. 1:06CR-8-M

BARRY FLORA                                                DEFENDANT

## UNITED STATES' PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

Comes the United States of America, by counsel, Assistant United States Attorneys Jo E. Lawless and James R. Lesousky, and submit the attached proposed substantive jury instructions.

Respectfully submitted,

DAVID L. HUBER
United States Attorney

Jo E. Lawless
James R. Lesousky
Assistant United States Attorneys
510 West Broadway, 10th Floor
Louisville, Kentucky 40202
(502) 625-7065

Certificate of Service

I hereby certify that a copy of the foregoing was mailed on June 6, 2006, to Wesley Vernon Milliken, Milliken Law Firm, P.O. Box 1640, 1039 College Street, Suite 100, Bowling Green, Kentucky 42101.

Jo E. Lawless
James R. Lesousky
Assistant United States Attorneys

### Counts 1 & 2 - Receipt of Child Pornography
### 18 U.S.C. § 2252A(a)(2)(A)

Title 18, United States Code, Section 2252A(a)(2)(A), makes it a federal crime for any person to knowingly receive any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

The Defendant can be found guilty of the offense charged in Counts 1 and 2 only if all of the following facts are proved beyond a reasonable doubt:

First:   That the Defendant knowingly received child pornography as charged in the Indictment;

Second:   That the child pornography had been transported in interstate or foreign commerce by computer; and

Third:   That at the time of such receipt the defendant believed that such items constituted or contained child pornography, as hereafter defined.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

The term "sexually explicit conduct" means: (A) actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C); masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct -- "lascivious exhibition" -- not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.

Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. Proof of transmission of child pornography over the Internet or over telephone lines satisfies the interstate commerce element.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

Eleventh Circuit Criminal Pattern Jury Instructions 75.4 (2003). *See United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001)(factors to be considered when determining whether visual depiction constitutes a lascivious exhibition); *United States v. Hilton*, 257 F.3d 50, 54 (1st Cir. 2001)(interstate commerce element met by proof of transmission of pornography over the Internet or over telephone).